IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALFREDO MENDOZA, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| JAMES E. DONALD et al., | : | CIVIL ACTION NO. |
|    Defendants. | : | 1:16-CV-1471-WSD-JKL |

## **FINAL REPORT AND RECOMMENDATION**

Plaintiff is a state prisoner who, pro se, seeks relief under 42 U.S.C. § 1983. (Doc. 1.)  The Court granted Plaintiff leave to proceed *in forma pauperis* and now must screen his complaint.

A prisoner's complaint must be screened to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A.  To state a claim for relief under § 1983, a plaintiff must allege facts plausibly showing that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

Plaintiff is serving a fifteen year prison sentence pursuant to his conviction for possessing methamphetamine. (Doc. 1 at 9-11.) Plaintiff pled guilty to that crime, which occurred in Butts County. (*Id.*)

Plaintiff's complaint is that the Georgia Board of Pardons and Paroles (the "Parole Board") unlawfully departed from the Parole Guidelines System (the "Guidelines") in determining his eligibility for parole. (Doc. 1 at 7-16.) According to Plaintiff, the Guidelines recommend that he be granted parole after serving five years of his sentence, but the Parole Board is requiring him to serve almost ten years (117 months) before parole. (*Id.* at 11.) The Parole Board told Plaintiff that it departed from the Guidelines recommendation because the circumstances of his crime warrant more time in prison than the recommendation. (*Id.*)

Plaintiff contends that O.C.G.A. § 42-9-40 grants him a property interest in the meaningful use of the Guidelines and that the Parole Board's departure from the Guidelines thus violated his right to due process under the Fourteenth Amendment to the U.S. Constitution. (*Id.*) Plaintiff seeks from the Parole Board's members, whom he named as Defendants, compensatory and punitive damages, declaratory relief, and injunctive relief. (*Id.* at 9-10, 14-16.)

2

The statute upon which Plaintiff relies, O.C.G.A. § 42-9-40, created the Guidelines. It provides that "[t]he guidelines system shall be used in determining parole actions on all inmates, except those serving life sentences, who will become statutorily eligible for parole consideration." O.C.G.A. § 42-9-40(a). Georgia law further provides that "[n]o inmate shall be placed on parole until and unless the [Parole B]oard shall find" that the inmate will satisfy certain criteria, such as obeying the law and obtaining suitable employment, if he is released. *Id.* § 42-9-42(c).

Over twenty years ago, the U.S. Court of Appeals for the Eleventh Circuit examined Georgia's parole guidelines system and held that it "does not create a liberty interest protected by the Due Process Clause." *Sultenfuss v. Snow*, 35 F.3d 1494, 1499 (11th Cir. 1994) (en banc). Although § 42-9-40(a) requires that the Guidelines be used, Georgia's statutes and regulations governing parole do not meaningfully limit the Parole Board's discretion in deciding whether to grant parole, and the Guidelines do not mandate the outcome that must be reached if the Guidelines criteria are met. *Id.* at 1501-03 (noting that pursuant to O.C.G.A. § 42-9-42, "the statutory presumption is *against* parole unless certain subjective criteria are satisfied"). The court of appeals, "[v]iewing Georgia's parole system in its entirety, . . . conclude[d] that no protected liberty interest in parole is created." *Id.* at 1502.

3

Plaintiff acknowledges *Sultenfuss* and its holding. (Doc. 1 at 8.) He also appears to acknowledge *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1 (1979). (*See id.*) The Supreme Court held in that case that a state's parole system creates an interest protected by the Due Process Clause only if the system creates a legitimate expectation of parole, for example by use of mandatory language meaningfully limiting parole officials' discretion. *Greenholtz*, 442 U.S. at 7, 11-12. The court of appeals applied that test to Georgia's parole guidelines system in Sultenfuss. *Sultenfuss*, 35 F.3d at 1499-1502.

In an attempt to avoid *Sultenfuss*' holding, Plaintiff rests his complaint on the following argument:

> While the Supreme Court and the Eleventh Circuit has [sic] written extensively on whether various parole systems create a *Liberty* interest, the question of whether the statutes and [regulations] defining the Georgia Parole System create a *Property* interest[,] such as the [meaningful] use of the Guidelines, as mandated by O.C.G.A. 42-9-40, has never been addressed.

(Doc. 1 at 8 (emphasis added).) Plaintiff apparently gleaned that argument from the Due Process Clause, which provides: "nor shall any State deprive any person of life, liberty, *or* property, without due process of law." U.S. Const. amend. XIV, § 1 (emphasis added). Plaintiff defines his "property interest" as the "entitlement to

4

parole [consideration] based on the meaningful use of the" Guidelines. (Doc. 1 at 11-12.) Plaintiff cites *Goldberg v. Kelly*, 397 U.S. 254 (1970) and *Board of Regents v. Roth*, 408 U.S. 564 (1972) as cases recognizing that a person's entitlement to benefits provided by state law is a property interest protected by the Due Process Clause. (*Id.* at 12.)

Neither *Goldberg* nor *Roth* concerned parole or anything to do with prisons or prisoners. *Goldberg*, 397 U.S. at 255-57 (addressing whether New York's termination of welfare benefits to certain citizens without first conducting an evidentiary hearing violated the Due Process Clause); *Roth*, 408 U.S. at 566-69 (addressing whether a non-tenured university professor "had a constitutional right to a statement of reasons and a hearing on the University's decision not to rehire him for another year"). Plaintiff has cited no law, and the Court has found none, supporting his argument that although he has no constitutionally protected liberty interest in parole under Georgia's parole system, he nevertheless has a constitutionally protected property interest in that system.

In the seminal case concerning parole and the Due Process Clause, the Supreme Court described the "right of a convicted person to be conditionally released before the expiration of a valid sentence" as a "liberty right." *Greenholtz*, 442 U.S. at 7. The

5

Supreme Court did not even mention a property right or property interest, but instead repeatedly used the term "liberty" in analyzing whether inmates have a "constitutionally protected interest in a parole determination." *Id.* at 7-12. Two years later, the Supreme Court again referred to the interest in parole as a liberty, not a property, interest. *Jago v. Van Curen*, 454 U.S. 14, 21 (1981) (noting in case challenging denial of parole that "[a]s we have previously stated . . . we deal here not with 'property' interests but with 'liberty' interests protected by the Fourteenth Amendment"); *see Huggins v. Isenbarger*, 798 F.2d 203, 205 (7th Cir. 1986) ("Because the judgment of conviction removes, for the duration of the sentence, the prisoner's 'natural' liberty . . . the definition of a liberty interest in parole or other early release is the same as the definition of a property interest.").

It makes sense that parole involves liberty interests because the fundamental deprivation in imprisonment is individual liberty, not monetary benefits or some form of property. *Sultenfuss*' holding that there is no constitutionally protected "liberty interest" in Georgia's parole system does not imply that there may be a protected property interest in that system. *See Sultenfuss*, 35 F.3d at 1499. It is apparent that the court of appeals phrased its holding in only "liberty interest" terms because that is the only interest implicated by parole. Nothing suggests that despite its conclusion,

6

after an exhaustive analysis of Georgia's parole guidelines system, that there is no protected liberty interest in that system, the court of appeals nevertheless would conclude that there is a protected property interest in that system. Plaintiff's strained argument lacks merit.

Because Plaintiff's complaint fails to state a claim upon which relief may be granted, **IT IS RECOMMENDED** that this action be **DISMISSED** under 28 U.S.C. § 1915A.

**SO RECOMMENDED** this 17th day of May, 2016.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)