# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALFREDO MENDOZA,<br><br>        **Plaintiff,**<br><br>v.<br><br>JAMES E. DONALD, Chairman, Ga State Parole & Pardons, ALBERT R. MURRAY, Vice Chairman, L. GALE BUCKNER, Member, ROBERT E. KELLER, Member, TERRY E. BERNARD, Member,<br><br>        **Defendants.** | 1:16-cv-1471-WSD |

## **OPINION AND ORDER**

This matter is before the Court on Magistrate Judge John K. Larkins, III's Final Report and Recommendation [4] ("R&R"), recommending that this action be dismissed. Also before the Court are Plaintiff Alfredo Mendoza's ("Plaintiff") Objections [6], [7] to the R&R, Plaintiff's Motion to Appoint Counsel [10], and Plaintiff's Motion for Judicial Action [11].

## I.   BACKGROUND

On February 28, 2011, Plaintiff Alfredo Mendoza ("Plaintiff") was convicted of possessing methamphetamine, and sentenced to fifteen years in prison. ([1] at 10-11). The Georgia Parole Guidelines System (the "Guidelines")

recommended that Plaintiff be granted parole after serving five years of his sentence. ([1] at 11). The Georgia Board of Pardons and Paroles (the "Parole Board") determined, however, that Plaintiff should not be granted parole until he serves approximately ten years of his sentence. ([1] at 11). The Parole Board found that "the circumstances of [Plaintiff's] crime call[] for more time in prison than recommended by the guidelines system." ([1] at 11).

On May 3, 2016, Plaintiff filed his Complaint [1], asserting a Fourteenth Amendment Due Process claim under 42 U.S.C. § 1983. Plaintiff argues that the Parole Board's departure from the Guidelines violated his Fourteenth Amendment "property interest" in the "meaningful use" of the Guidelines. ([1] at 7). On May 18, 2016, the Magistrate Judge screened Plaintiff's Complaint and issued his R&R, recommending that this action be dismissed because Plaintiff lacks a constitutionally protected interest in parole under the Guidelines.[1] On June 20, 2016, Plaintiff filed his Objections to the R&R, generally disputing the Magistrate Judge's conclusion.

---

[1] A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). In view of Plaintiff's Objections, the Court conducts a *de novo* review of the record.

### B. Analysis

Georgia law provides that "[t]he guidelines system shall be used in determining parole actions on all inmates, except those serving life sentences, who will become statutorily eligible for parole consideration." O.C.G.A. § 42-9-40(a). "[W]hile the legislature has required the Board to adopt a guideline system to be used as a framework for making more consistent parole decisions, it also preserved the Board's authority to use its discretion in making final parole decisions.

The statute and regulations, therefore, do not mandate that release be granted if the Guidelines criteria is met." Sultenfuss v. Snow, 35 F.3d 1494, 1502 (11th Cir. 1994). "Instead, the system contains a statutory presumption against parole and an explicit reservation of authority to depart from the grid recommendation, negating any reasonable claim of an entitlement to parole." Id.[2] The Eleventh Circuit has held that, in light of these features of the Guidelines, "Georgia's parole system does not create a liberty interest in parole protected by the Due Process Clause." Id. at 1503; see also Huggins v. Isenbarger, 798 F.2d 203, 205 (7th Cir. 1986) ("[T]he definition of a liberty interest in parole or other early release is the same as the definition of a property interest."). In view of this authority, and the reasoning in it, the Court finds that the Parole Board's departure from the Guidelines' recommendation did not violate Plaintiff's Fourteenth Amendment due process rights. Plaintiff's Complaint is required to be dismissed.[3]

---

[2]  The statutory presumption against parole is provided in O.C.G.A. § 42-9-42(c): "No inmate shall be placed on parole until and unless the board shall find that there is reasonable probability that, if he is so released, he will live and conduct himself as a respectable and law-abiding person and that his release will be compatible with his own welfare and the welfare of society. Furthermore, no person shall be released on pardon or placed on parole unless and until the board is satisfied that he will be suitably employed in self-sustaining employment or that he will not become a public charge." O.C.G.A. § 42-9-42(c).

[3]  Because this action is dismissed, Plaintiff's Motion to Appoint Counsel and Motion for Judicial Action are denied as moot.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins, III's Final Report and Recommendation [4] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [6], [7] are **OVERRULED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [10] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judicial Action [11] is **DENIED AS MOOT**.

**SO ORDERED** this 28th day of April, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE